# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAY F. VERMILLION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:11-CV-123-TLS |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Jay F. Vermillion, a prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a disciplinary sanction imposed under cause number ISP 09-08-0006. [ECF No. 1.] After Vermillion filed this Petition asserting that his due process rights were violated in the disciplinary hearing, the Indiana Department of Correction ("IDOC") final reviewing authority remanded his case for a new hearing before a different hearing officer. [ECF No. 7-1.] Based on the final reviewing authority's decision, the Respondent moves to dismiss the Petition. [ECF No. 6.] More than 60 days have passed since the Motion was filed, and Vermillion has not filed a response or objection.

Because Vermillion's case has been remanded for a new hearing, there is at present no disciplinary sanction lengthening the duration of his confinement for this Court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it lengthened the duration of his confinement); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). Accordingly, the Petition must be dismissed. If Vermillion

is dissatisfied with the results of the new hearing, he is free to file a new habeas petition after exhausting his administrative remedies.

For the reasons set forth above, the Motion to Dismiss [ECF No. 6] is **GRANTED** and the Petition [ECF No. 1] is **DISMISSED**.

SO ORDERED on October 24, 2011.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION